United States District Court
Southern District of Texas
FILED

JAN 1 4 2005

Michael N. Milby
Clerk of Court

**CIVIL ACTION NO. B-03-CV-231**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

**MARIA CRUZ GARCIA
Plaintiff,**

**v.**

**R.E.E., INC. doing business as
MCDONALDS, A TEXAS CORPORATION**

**Defendant.**

---

# MOTION OF DEFENDANT R.E.E., INC d/b/a MCDONALDS, A TEXAS CORPORATION FOR FINAL SUMMARY JUDGMENT AND BRIEF IN SUPPORT

---

Tonya Beane Webber
Porter, Rogers, Dahlman &Gordon, P.C.
800 North Shoreline, Suite 800
Corpus Christi, Texas 78401
Telephone: (361) 880-5824
Facsimile:(361) 880-5844

# TABLE OF CONTENTS

**Page**

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Citations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

Statement of the Nature and Stage of the Proceedings . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Issues to be Decided by the Court . . . . . . . . . . . . . . . . . . . . . . 1

Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Summary Judgment Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Argument and Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

A. Plaintiff has failed to exhaust her administrative remedies on claims of race discrimination under Title VII and TCHRA . . . . . . . . . . . 5

B. No cause of action exists for national origin discrimination under Section 1981 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

C. Defendant is entitled to summary judgment on Plaintiff's claims of harassment, discrimination and retaliation under Title VII and the TCHRA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

i. Defendant is entitled to summary judgment on Plaintiff's claims of harassment under Title VII and the TCHRA because she cannot prove that there was a hostile work environment . . . . . . . . . . . . . . . . . . . . . 6

ii. Defendant is entitled to summary judgment on because Plaintiff suffered no adverse action based on constructive discharge . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

iii. Defendant is entitled to summary judgment on Plaintiff's claims of discrimination because there was no adverse employment action . . . . . . . . . . . . . . . . . . . . . . 9

iv. Plaintiff cannot establish an essential element of her discrimination claims . . . . . 11

D. Defendants are entitled to summary judgment on Plaintiff's retaliation claims . . . . . 11

i. Plaintiff did not engage in protected activity prior to any alleged retaliation . . . . . 11

ii. Plaintiff did not suffer any adverse employment action . . . . . 12

iii. Plaintiff cannot establish two of the essential elements of her retaliation claim on which she will bear the burden at trial . . . . . 12

E. Defendants are entitled to summary judgment on Plaintiff's state law claims in negligence . . . . . 12

i. Plaintiff fails to establish Defendant had a duty; therefore, she has no claim against Defendant in negligence . . . . . 12

ii. Torres was not unfit or incompetent . . . . . 13

iii. Texas does not recognize a cause of action for negligent investigation in at-will employment . . . . . 13

iv. Recognizing a cause of action for negligent supervision is inconsistent with the employment-at-will doctrine . . . . . 13

V. Plaintiff cannot establish one or more essential elements of her negligence claims . . . . . 14

F. Defendant is entitled to summary judgment on claims for intentional infliction of emotional distress because Plaintiff cannot show Defendants's conduct was severe and outrageous . . . . . 14

i. Plaintiff has no cause of action for intentional infliction of emotional distress . . . . . 15

G. Defendant is entitled to summary judgment on Plaintiff's state law claims for defamation . . . . . . . . . . 15

i. Defendant's communication was not published to a third party and was protected by a qualified privilege . . . . . . . . . . 16

ii. Any statements allegedly made to a third party were outside the scope of employment; therefore Defendant would not be liable . . . . . . . . . . 16

iii. Plaintiff cannot establish the essential elements of her claim of defamation . . . . . . . . . . 17

H. Defendant is entitled to summary judgment on Plaintiff's state law claims for civil conspiracy . . . . . . . . . . 17

Conclusion . . . . . . . . . . 17

Certificate Of Service . . . . . . . . . . 19

Appendix

Plaintiff's Original Petition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Tab 1

Excerpts from Plaintiff's Deposition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Tab 2

*Chavez v. Hydril Co.*,
2003 WL 22075740 (N.D. Tex.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Tab 3

*Mongo v. The Home Depot, Inc.*,
2003 WL 22227864 (N.D. Tex.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Tab 4

*Probst v. Ryder Truck Rental, Inc.*,
1999 WL 184127 (N.D. Tex.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Tab 5

*Proskel v. Gattis*,
49 Cal.Rptr.2d 322 (Cal. Ct. App. 1996) . . . . . . . . . . . . . . . . . . . . . . . Tab 6

*Tarley v. Crawford-THG*,
2000 WL 276813 (N.D. Tex.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Tab 7

*Taylor v. Nickels and Dimes, Inc.*,
2002 WL 1827659 (N.D. Tex.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Tab 8

*Whitehead v. Chevron*,
2003 U.S. LEXIS 25013 (N.D. Tex.) . . . . . . . . . . . . . . . . . . . . . . . . . Tab 9

**TABLE OF CITATIONS**

***CASES:***


*Alaniz v. Hoyt*,
105 S.W.3d 330 (Tex. App.–Corpus Christi 2003, no pet.). . . . . . . . . . . . . . . . . 15

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Armendariz v. Pinkerton Tobacco Co.*,
58 F.3d 144 (5th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*Azubuike v. Fiesta Mart, Inc.*,
970 S.W.2d 60 (Tex.App.–Houston [14th Dist.]1998, no writ) . . . . . . . . . . . . . . 6

*Barrow v. New Orleans Steamship Ass'n*,
10. F.3d 292 (5th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Brown v. Kinney Shoe Corp.*,
237 F.3d 556 (5th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Brown v. Bunge Corp.*,
207 F.3d 776 (5th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Burlington Industries, Inc. v. Ellerth*,
524 U.S. 724 (1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Candelore v. Clark County Sanitation Dist.*,
752 F.Supp. 956 (D.Nev. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Chavera v. Victoria Independent Sch. Dist.*,
752 F.Supp. 956 (D.Nev. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Dollis v. Rubin*,
77 F.3d 777 (5th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Ellert v. Univ. of Texas at Dallas*,
52 F.3d 543 (5th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Elstner v. Southwestern Bell Telephone Co.*,
659 F.Supp. 1328 (S.D. Tex 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Faragher v. City of Boca Raton*,
524 U.S. 775 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Fields v. Teamsters Local Union No. 988*,
23 S.W.3d 517 (Tex. App - Houston [1st Dist.] 2000, pet denied). . . . . . . . . . 14

*Fisher v. Yates*,
953 S.W.2d 370 (Tex. App.—Texarkana 1997, pet denied). . . . . . . . . . . . . . . 17

*Free v. American Home Assurance Co.*,
902 S.W.2d 51 (Tex.App.–Houston [1st Dist.] 1995, no writ). . . . . . . . . . . . . . 15

*Garcia v. Allen*,
26 S.W.3d 587 (Tex.App.–Corpus Christi 2000, no pet.). . . . . . . . . . . . . . . . . 13

*Greater Houston Transp. Co. v. Phillips*,
801 S.W.2d 523 (Tex. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*GTE Southwest, Inc. v. Bruce*,
998 S.W.2d 605 (Tex. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Harris v. Forklift Systems, Inc.*,
510 U.S. 17 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Hoffman-LaRoche Inc. v. Zeltwanger*, ,
144 S.W.3d 438 (Tex. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Machado v. Goodman Mfg. Co., L.P.*,
10 F. Supp. 2d 709 (S.D. Tex. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Marshall v. Victoria Transp. Co.*,
603 F.2d 1122 (5th Cir. 1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Martin v. The Kroger Co.*,
65 F.Supp.2d 516 (S.D. Tex. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 175

*Massey v. Armco Steel Co.*,
652 S.W.2d 932 (Tex. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
475 U.S.574 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Mattern v. Eastman Kodak Co.*,
104 F.3d 702 (5th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Minyard Food Stores v. Goodman*,
80 S.W.3d 573 (Tex. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Mongo v. The Home Depot, Inc.*,
2003 WL 22227864 (N.D. Tex.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Mota v. University of Texas Houston Health Science Ctr.*,
261 F.3d 512, 519 (5th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*National Ass'n of Gov't Employees v. City Pub. Serv. Bd.*,
40 F.3d 698 (5th Cir. 1994).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Patton v. United Parcel Service*,
910 F.Supp.1250 (S.D. Tex. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Pennsylvania State Police v. Suders*,
124 S.Ct. 2342 (2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Porter v. Neimer, Jr.*,
900 S.W.2d 376 (Tex. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Probst v. Ryder Truck Rental, Inc.*,
1999 WL 184127 (N.D. Tex.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Proskel v. Gattis*,
49 Cal.Rptr.2d 322 (Cal. Ct. App. 1996). . . . . . . . . . . . . . . . . . . . . . . . . 8

*Randall's Food Markets, Inc. v. Johnson*,
891 S.W.2d 640 (Tex. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*St. Francis College v. Al-Kharaji*,
481 U.S. 604 (1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Standard Fruit and Vegetable Co. v. Johnson,,*
985 S.W.2d 62 (Tex. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Taylor v. Nickels and Dimes, Inc.,*
2002 WL 1827659 (N.D. Tex.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Texas Farm Bureau Mutual Ins. Co. v. Sears,*
84 S.W.3d 604 (Tex. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Twyman v. Twyman,*
855 S.W. 2d 619 (Tex. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Wal-Mart v. Canchola,*
121 S.W.3d 735 (Tex. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

*Whitehead v. Chevron,*
2003 U.S. LEXIS 25013 (N.D. Tex.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

***FEDERAL STATUTES, REGULATIONS AND RULES:***

42 U.S.C. § 1981 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed.R.Civ.Pro. 56 (c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2