```
                Before The
            COUNTY COURT AT LAW
           CAMERON COUNTY - No. 3
              Brownsville, Texas
```



FILED FOR RECORD
AT ___ O'CLOCK ___ M
NOV 17 2003
JOE G. RIVERA
CAMERON COUNTY CLERK
By _____ Deputy

MARIA CRUZ GARCIA,          §
                            §
        Plaintiff,          §
                            §
Vs.                         §   Cause No. 2003-CCL-1245-C
                            §
R.E.E., Inc.                §
d/b/a McDonalds             §
A Texas Corporation         §
                            §
        Defendant.          §

---

# PETITION

---

## I  INTRODUCTION

1.  COMES NOW, MARIA CRUZ GARCIA, PLAINTIFF, and files this employment discrimination case against R.E.E., Inc. d/b/a McDonald's. Plaintiff demands a jury trial. Plaintiff alleges her former employer violated Chapter 21.00 et seq. of the Texas Labor Code by discriminating against her based on, sexual harassment, race/national origin (Mexican), and retaliation, in ways including subjecting her to sexual harassment, retaliating against her because she opposed a practice made unlawful under the statute, and constructively terminating her employment on or about July 13, 2002. Plaintiff designates this case a Level II case, requests the court enter a Discovery Control Plan pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, and will hereafter

COPY
Exh. 1

file a motion for such.

2. Exhibits attached are **Exhibit A-** Charge of Employment discrimination, filed with the United States Equal Employment Opportunity Commission and the Texas Commission on Human Rights on or about August 8, 2002; **Exhibit B-** Equal Employment Opportunity Commission Dismissal and Notice of Rights, dated August 13, 2003.

## II  JURISDICTION

3. The Court has jurisdiction over the subject matter and the parties. The amount at issue is within the jurisdictional limits of the court. All conditions precedent have been completed (See Exhibits A-B).

## III  PARTIES

### A.  Plaintiff

4. Plaintiff Maria Cruz Garcia ("plaintiff" or by name) resides in San Benito, Cameron County, Texas 78586.

### B.  Defendants

5. Defendant R.E.E., Inc. d/b/a/ McDonald's, is a Texas corporation, licensed to do business in Texas (Texas charter # 0032312100). The defendant company's registered agent for service is shown below.

## IV  SERVICE OF PROCESS

6. Plaintiff requests the Clerk issue citation for

the defendant corporation as "R.E.E., Inc. d/b/a/ McDonalds," and serve same by certified mail, return receipt requested, restricted delivery, to:

Mr. RODGERS EARL ELLIS
Registered Agent for Service
3000 West Cedar
Beaumont, TX 77702

## V   STATEMENT OF THE CASE

### A.   Facts and Allegations

7. The defendant company owns and operates McDonald's franchises in several Texas locations, primarily in South Texas. Plaintiff began work with the company on or about May, 2001, as a kitchen helper. Approximately 1 year later plaintiff was promoted to swing manager.

Jessica Torres, store manager, had direct management authority over plaintiff. It was widely known at the Plaintiff's place of employment, including the management, that the Plaintiff was from Mexico, and further it was believed that her origins as a Mexican National objectively did not include enfranchisement within, or familial presence in the culturally or economically affluent regions of the Republic of Mexico. As a result of stereotyping, bias and prejudice, she was perceived and regarded, by other Hispanics with whom she worked, as descending from and belonging to, what is an unfortunate and illegal characterization by some, to be an inferior class of the

population of South Texas, which for purposes of this Petition, would include Mexican immigrants who are supposed by those discriminating, to be lacking social, educational or financial clout.

The hostilities and disparate treatment suffered by the Plaintiff left no question as to whether she was discriminated against illegally. The Plaintiff endured statements from her supervisors that constitute discrimination *per se*. She was told that even should she be promoted, she will never be held in any higher esteem, or regarded with the level deference commensurate with such titles, because of her perceived humble origins in Mexico.

Such derogation was not an idle threat. Through her own efforts, the Plaintiff was promoted, but she was nevertheless tasked to the more menial, undesirable and unpleasant duties, which were thought and expressed by her co-workers to be functions suitable for her because of presumptions made about her background. Unique among managers was the frequency with which the Plaintiff was required to scrub and clean surfaces, including the bathrooms and windows.

The Plaintiff's prospects for promotion and advancement were restricted by the Defendant's decision to halt computer training which the Plaintiff had begun. No plausible explanation was offered nor existed for the cessation of the

Plaintiff's computer training, nor was the decision made by the Plaintiff.

The disparate treatment attending the Plaintiff's employment was known by the management of the Defendants, through first-hand knowledge, yet no appropriate remedial action was taken.

One particular occurrence brought the Plaintiff to the realization that her employment opportunities with the Defendant were inalterably foreclosed. Due to a medical necessity within her family, the Plaintiff had received permission to have her cell phone with her at work. Unfortunately, the Plaintiff's cell phone was stolen, and coworker's denied knowledge of the theft. Before the Defendant knew the identity of the culprit, the Defendant was not opposed to the Plaintiff pursuing the matter with the police. However, while the Plaintiff was still employed, a co-worker belatedly admitted responsibility for the loss of the phone. Faced with a decision, the Plaintiff's supervisors presented an ultimatum to the Plaintiff, same being that she would have to choose between keeping her job, or dropping her efforts to have the police investigate and pursue the loss of her phone.

The ultimatum presented to the Plaintiff evidenced a conscious subordination of her legal rights, which emanated from the aforementioned held belief that her individual

rights and status were less worthy of protection than the rights of others. Although the Defendant may have had no legal duty to affirmatively vindicate the rights of the Plaintiff that were breached, the Defendant's agents acted with discriminatory intent, which arose from the precept that the Plaintiff's rights were less valuable than others, in their expressing their insistence that the Plaintiff drop her efforts to pursue the matter further with the police. The Plaintiff's experience while employed amounted to egregious disparate treatment by the Defendant as well as constructive discharge.

During times relevant the store manager would use derogatory and negative language in talking to plaintiff. In the presence of other employees, she would tell plaintiff embarrassing natioqal origin comments. Her constant refrain to plaintiff was " vales pa puro papa " ( literal translation: you're worth only potatoes ), which figuratively meant she was of little use. On occasion Ms. Torres would say " el nopal no se te quita de la frente" ( literal: the cactus is never coming off your forehead ) which demarcated her as a foreigner who would not assimilate into the McDonald's culture.

Torres would restrict plaintiff's freedom to communicate with fellow employees whom had agreed to replace the pilfered cell phone, they assert the basis was Torres

ongoing sexual relationship with at least one of the culprits implicated in the theft.

Impeded in attempting an amicable resolution of the theft, as noted, plaintiff sought the help of local police. However, she was rebuffed in this effort also, when McDonald's area supervisor Rolando Gonzalez delivered the job loss ultimatum. These episodes are reflective of where and how her complaints to defendant would be handled.

### B.   Administrative Proceedings

8.   On or about August 8, 2002 plaintiff filed a charge of employment discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Texas Commission on Human Rights ("Texas Commission") (Exhibit A). The TCHR conducted the investigation. On August 18, 2003 the Plaintiff received from EEOC a notice of plaintiff's rights to sue (Exhibit B).

9.   Plaintiff alleges that the company at times relevant did not have an adequate policy or procedure whereby employees could report unlawful harassment, including gender discrimination and sexual harassment. Even if it did have such policy or procedure, the company failed to provide information regarding same to its employees.

10.   Plaintiff alleges the company failed to adequately train Jessica Torres, and its other managers regarding the nature and prevention of unlawful harassment. The company

failed to establish an appropriate internal complaint procedure, failed to inform employees regarding filing of such complaints, or both. After the company knew or should have known that manager Torres was subjecting plaintiff and others similarly situated to gender discrimination and sexual harassment, the company was negligent in retaining Ms. Torres.

11. As the result of such practices and customs stated above, the company by and through its managers, including Jessica Torres, and perhaps other(s), created and maintained a hostile work environment towards the Plaintiff. The company subjected plaintiff to a pattern and practice of national origin/race discrimination.

12. As the result of such practices and customs her national origin was the basis for her relegation to menial tasks, regardless of her 'managerial' status. Due to Torres's frequent denigration of Plaintiff's esteem and worth within McDonalds work environment, Plaintiff sustained the indignity of being told what to do by her teenage subordinates, a fact known and condoned by Defendant's other Managers. She was routinely directed to do, and did the work normally delegated to subordinates, that Managers would not customarily subject themselves to, below Plaintiff's management status and level of authority.

C.   Claims, Causes of Action, and Remedies

### 1. Statutory Claims:
### Texas Labor Code- Chapter 21.00, et seq.

13. Defendant has violated the statutory rights of plaintiff and others similarly situated by subjecting them to sexual harassment.

### 2. Common Law Causes of Action

14. Regarding defendants' conduct upon which plaintiff's claims of sexual harassment are based, defendant has subjected plaintiff and individuals similarly situated to negligent investigation, negligent supervision and retention, and defendants intentionally inflicted emotional distress upon same. The company negligently failed to train and supervise its supervisors and managers in matters concerning unlawful harassment. Defendants have subjected plaintiff to defamation, and defamation per se, including but not limited to knowingly impugning before third parties the truth of the Plaintiff's complaints, accounts and renditions, and in bad faith contradicting plaintiff's accusations regarding wrongdoings, including theft, and the identification of those committing the same. This conduct was deliberately planned and carried out as a civil conspiracy between the Defendant and others acting in concert with the Defendant, who desired the resignation or termination of the Plaintiff.

## VI  DAMAGES

15. The company has engaged in unlawful intentional employment practices as alleged in the administrative complaint and herein. The company has engaged in a discriminatory practice with malice or with reckless indifference to plaintiff's statutory rights. Defendants' conduct was outrageous, and beyond the norms of civilized society. Defendants acted with intent and malice to cause plaintiff harm, and did do so. Accordingly, plaintiff is entitled to both compensatory and punitive damages.

## VII  PLAINTIFF ASSERTS FEDERAL CLAIMS

16. Plaintiff does assert federal claims herein, specifically including but not limited to, Title VII of the Civil Rights Act of 1964 and 1991 (As Amended), 42 U.S.C. § 1981. Plaintiff claims and causes of action under the laws of the State of Texas and U.S. Federal laws.

## VIII  PRAYER FOR RELIEF

17. WHEREFORE, plaintiff prays the court award such relief as includes that stated below.

18. That this Court take jurisdiction of this matter;

19. ORDER the defendant company to reinstate plaintiff as a regular employee, with all back pay and benefits.

20. ORDER defendant to pay plaintiff damages to make her whole, including actual, compensatory, and punitive.

21. ORDER that defendants to pay plaintiff prejudgment and post judgment interest as may be allowed by law.

22. ORDER defendants not to retaliate further against plaintiff.

23. ORDER the defendant company to pay plaintiff reasonable attorney's fees, costs of court, and expenses as provided by law.

24. ORDER such other and further relief as may be proper and just.

Respectfully Submitted,

*Ronaldo S. Lozano*
Ronaldo S. Lozano
TBN: 12648010
360 E. Hwy. 77, Suite 1
San Benito, TX 78586-5214
(956) 399-9663
(956) 399-8285   FAX

ATTORNEY FOR PLAINTIFF

---
### EXHIBITS FILED WITH PETITION
---

**Exhibit A-** Charge of Employment discrimination, filed with the United States Equal Employment Opportunity Commission and the Texas Commission on Human Rights on or about August 8, 2002;

**Exhibit B-** Equal Employment Opportunity Commission Dismissal and Notice of Rights, dated August 13, 2003.

# Exhibit "A"

AMENDED - 1st  **CHARGE OF DISCRIMINATION**                              ☒ FEPA
This form is affected by the Privacy Act of 1974; See Privacy Act Statement Before   ☐ EEOC
completing this form.

_Texas Commission On Human Rights_ _____ and EEOC
State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Ms. Maria Cruz Garcia | (956) 399-8626 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
| 25779 Easy Street, San Benito, TX 78586 | 5/3/57 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| McDonald's | Cat D (501 +) | (956) 399-6845 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| 1144 W. Business Hwy 77, San Benito, TX 78586 | 061 |

CAUSE OF DISCRIMINATION BASED ON (check appropriate box(es))

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☒ OTHER (Specify)
Tchr Act

DATE DISCRIMINATION TOOK PLACE
EARLIEST 06/12/2002    LATEST 08/10/2002
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):
Original received August 8, 2002.

I. On June 14, 2002, I filed a police report regarding my Cell Phone being stolen and was suspended. I was harassed and intimidated by Mrs. Jessica Torres, Manager, and Mr. Rolando Gonzales, Area Manager. On July 13, 2002, I was terminated.

II. I was told by Mrs. Torres and Mr. Gonzales to drop the charges against co-worker Rey Urista regarding him stealing my Cell Phone or be terminated.

III. I believe that I have been discriminated against in violation of the Texas Commission on Human Rights Act, as amended, and Title VII of the Civil Rights Act of 1964, as amended, because of my National Origin, (Mexican), and in an act of retaliation for my having opposed acts I perceived to be illegally discriminatory.

IV. Jessica Torres had a sexual relation with a fellow employee, this to the detriment of myself, since it led to an adverse personnel employment action against me based on sexual harassment.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.
I declare under penalty of perjury that the foregoing is true and correct.

Date 1-29-03    Maria Cruz Garcia
                Charging Party (Signature)

NOTARY - (When necessary for State and Local Requirements)
I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT
Maria Cruz Garcia
SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
01-29-2003

EEOC FORM 5 (Rev. 07/99)

NOV-26-2003 WED 11:47 AM R◯F INC                FAX NO. ◯7975940                P. 17/18

# Exhibit "B"





## DISMISSAL AND NOTICE OF RIGHT TO FILE A CIVIL ACTION

TO: Mariacruz Garcia
c/o Ronaldo Lozano, Attorney
380 E. Hwy. 77, Suite 1
San Benito, TX 78586-5214

FROM: Texas Commission on Human Rights
P. O. Box 13006
Austin, TX 78711-3006

| TCHR Charge No. | EEOC Charge No. | TCHR Representative |
|---|---|---|
| 1A30027-S | 31CA300091 | Patty Herrera |

THE TCHR IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the TCHR.

[ ] Your allegations did not involve a disability that is covered by the Americans with Disabilities Act or the Texas Commission on Human Rights Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] We cannot investigate your charge because it was not filed within the time limits required by law.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You had 30 days to accept a reasonable settlement offer that afforded full relief for the harm you alleged. You failed to accept the full relief.

[X] The TCHR issues the following determination: Based upon its investigation, the TCHR is unable to conclude that the information obtained establishes any violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] Other (briefly state) _____

## NOTICE OF RIGHT TO FILE A CIVIL ACTION

Pursuant to Sections 21.252 and 21.254 of the Texas Labor Code, as amended and Chapter 327, Section 327.7 of the Commission's Rules, this notice is to advise you of your right to bring a private civil action in state court in the above referenced case. PLEASE BE ADVISED THAT YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION. (The time limit for filing suit based on a federal claim may be different.)

## EEOC REVIEW NOTICE

AS YOUR CHARGE WAS DUAL FILED UNDER TITLE VII OF THE CIVIL RIGHTS ACT/AGE DISCRIMINATION IN EMPLOYMENT ACT/AMERICANS WITH DISABILITIES ACT, WHICH ARE ENFORCED BY THE U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION (EEOC), YOU HAVE THE RIGHT TO REQUEST EEOC REVIEW OF THIS FINAL DECISION ON YOUR CASE. TO SECURE A REVIEW, YOU MUST REQUEST IT IN WRITING WITHIN FIFTEEN (15) DAYS OF THE RECEIPT OF THIS NOTICE. YOUR REQUEST SHOULD BE SENT TO THE U.S. EQUAL OPPORTUNITY COMMISSION OFFICE AS APPROPRIATE.

[ ] DALLAS EEOC
207 SOUTH HOUSTON
DALLAS, TX 75201

[ ] HOUSTON EEOC
1919 SMITH ROAD, 7TH FLOOR
HOUSTON, TX 77002

[X] SAN ANTONIO EEOC
FREDERICKSBURG PLAZA II
5410 FREDERICKSBURG RD, STE. 200
SAN ANTONIO, TX 78229

cc: Tonya Beane Webber, Attorney for McDonald's
800 N. Shoreline, Suite 800
Corpus Christi, TX 78401-3708

On behalf of the Commission

_for_ L. D. Powell Executive Director