

Not Reported in F.Supp.2d
2003 WL 22227864 (N.D.Tex.)
(Cite as: 2003 WL 22227864 (N.D.Tex.))

Page 1

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
N.D. Texas, Dallas Division.

Ferdinand MONGO, Plaintiff,
v.
THE HOME DEPOT, INC., Defendant.

No. 3:02-CV-2593 R.

Sept. 26, 2003.

Richard Lee Howard, IV, R L Howard & Associates, Dallas, TX, for Plaintiff.

Michael D Mitchell, Ogletree Deakins Nash Smoak & Stewart, Houston, TX, Denise C. Villani, Ogletree Deakins Nash Smoak & Stewart, Dallas, TX, for Defendant.

*MEMORANDUM OPINION AND ORDER*

BUCHMEYER, Senior J.

*1 Now before the Court is Home Depot, Inc.'s, Motion to Dismiss (filed March 18, 2003). For the reasons set forth below, the Motion is GRANTED.

I. FACTUAL BACKGROUND

Ferdinand Mongo ("Mongo") is an African American assistant store manager with Home Depot, Inc. ("Home Depot"). During his six years of employment with Home Depot, Mongo's employment records, awards, and reviews indicate he has been a reliable and dependable worker with no disciplinary actions in his employment file. Mongo alleges that Home Depot store manager Vinny Iavarone harassed and discriminated against him by regularly subjected him to racial discrimination, national origin discrimination, retaliation, and a hostile work environment. Specifically, on several occasions, Iavarone allegedly reprimanded Mongo and blamed him for performing poorly on work assignments that fell outside the scope of Mongo's employment responsibilities. As a result of these practices, Mongo claims that Home Depot violated his constitutional and statutory rights.

In September 2002, Mongo filed a complaint with the EEOC and sought a right to sue notice, which the EEOC subsequently issued on September 16, 2002. On December 2, 2002, Mongo filed a complaint ("the Complaint") alleging race discrimination, national origin discrimination, retaliation, and hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, 42 U.S.C. § 1981, and Texas common law. Although it is unclear from the Complaint whether Mongo is actually alleging both retaliation and hostile work environment, the Court will nonetheless address those claims.

II. ANALYSIS
A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides that dismissal of a claim is appropriate only if it appears beyond doubt that Mongo can prove no set of facts in support of his claim. *See Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir.1995). The Court must accept all well-pleaded facts as true and view them in a light most favorable to Mongo to determine whether his complaint fails to state a claim for relief. *See id.* However, Mongo must plead specific facts, not mere conclusory allegations, to avoid dismissal. *See Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir.1992).

B. Race Discrimination and National Origin Discrimination Claims

Mongo alleges that Home Depot discriminated against him on the basis of his race and national origin. Home Depot, Mongo claims, gave him "deferential treatment [sic] from similarly situated

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Exh. 4

Not Reported in F.Supp.2d  
2003 WL 22227864 (N.D.Tex.)  
(Cite as: 2003 WL 22227864 (N.D.Tex.))

Page 2

Caucasian employees with regard to working conditions" during his employment with Home Depot. (Pl.'s Compl. at ¶¶ 24, 28).

To establish a claim of discrimination under Title VII or Section 1981, Mongo must show that: (1) he is a member of a protected class; (2) he was qualified for his position; (3) he suffered an adverse employment action; and (4) that he was replaced by someone outside the protected class. *See Shackelford v. Deloitte & Touche, LLP* ., 190 F.3d 398, 404 (5th Cir.1999); *Baltazor v. Holmes,* 162 F.3d 368, 373 (5th Cir.1998). Clearly, Mongo is a member of a protected class under Title VII and Section 1981. Home Depot argues that Mongo has not suffered any adverse employment action because of his race. (Def.'s Mot. to Dismiss at 3).

*2 The Fifth Circuit has defined an adverse employment action as an ultimate employment decision that *does not* include disciplinary filings, supervisor reprimands, or the employee's poor performance that might jeopardize the employee's future employment. *See Mattern v. Eastman Kodak Co.,* 104 F.3d 702, 708 (5th Cir.1997); *Dollis v. Rubin,* 77 F.3d 777, 781-82 (5th Cir.1995). To be sure, the court in *Mattern* held that "[h]ostility from fellow employees ... and [the] resulting anxiety, without more, do not constitute ultimate employment decisions, and therefore are not the required adverse employment actions." 104 F.3d at 707. Thus, Title VII addresses ultimate employment decisions by employers, not decisions that have merely a tangential effect on those ultimate decisions. *See Dollis,* 77 F.3d at 781-82 (citation omitted).

Mongo alleges that he was yelled at by his supervisor and blamed for poor work performance. (Pl.'s at ¶¶ 16, 18). The Court acknowledges that Mongo is not required to plead all elements of a *prima facie* Title VII case to survive a Rule 12(b)(6) dismissal. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) . However, without more, Mongo's sole allegation that he was reprimanded does not provide the Court with a sufficient factual basis establishing that he would be entitled to relief on his claims of race or national origin discrimination. Therefore, the Court will DISMISS these claims.

C. Disparate Impact Claims

Mongo next asserts disparate impact claims against Home Depot, alleging that the difference in working conditions between African American and Caucasian employees disparately impacted him. (Pl.'s Compl. at ¶¶ 24, 25). He further alleges that his supervisors had notice of such conditions and occasionally "participated in [the] offensive behavior." (*Id.*).

Under a disparate impact Title VII claim, Mongo establishes a *prima facie* case of disparate impact discrimination if he demonstrates that Home Depot implemented a facially neutral employment practice or policy that causes significant disparate impact on employees in his Title VII protected class. *See Wards Cove Packing Co., Inc. v. Atonio,* 490 U.S. 642, 645-46, 657-58, 109 S.Ct. 2115, 104 L.Ed.2d 733 (1989); *Banks v. East Baton Rouge Parish School Board,* 320 F.3d 570, 578 (5th Cir.2003). Accordingly, Mongo alleges that he was "subjected to facially neutral employment practices that created ... statistical disparities disadvantaging African-American [employees]." (Pl.'s Compl. at ¶ 3). Home Depot argues that Mongo failed to identify or allege any facially neutral policy or practice that resulted in any disparate impact. (Def.'s Mot. to Dismiss at 7). The Court agrees.

Again, while Mongo is not required to plead every element of his claim to survive a Rule 12(b)(6) dismissal, he must plead more than mere conclusory allegations against Home Depot. As the Fifth Circuit noted in *Garcia v. Women's Hosp. of Texas,* a plaintiff must identify the specific factor or factors in the employer's decision-making process responsible for causing the alleged disparate impact. *See* 97 F.3d 810, 813 (5th Cir.1996). Here, even with the Court's liberal construing of the Complaint, Mongo fails to plead sufficient facts identifying a facially neutral employment practice or a difference in work conditions that disparately impacted him, thus leaving the Court unable to discern any offensive conduct by Home Depot. Also, Mongo mistakenly bases his disparate impact claim on his allegations of race and national origin discrimination, (Pl.'s Compl. at ¶¶ 24, 28), which wrongly combines the mutually exclusive and often competing disparate impact theory and disparate treatment analysis under Title VII. *See Frazier v.*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2003 WL 22227864 (N.D.Tex.)
(Cite as: 2003 WL 22227864 (N.D.Tex.))

Page 3

*Garrison I.S.D.*, 980 F.2d 1514, 1523 (5th Cir.1993). Therefore, the Court will DISMISS Mongo's disparate impact claims.

D. Retaliation and Hostile Work Environment Claims

*1. Retaliation*

**\*3** Mongo alleges that Home Depot retaliated against him for opposing their alleged "unlawful policies and practices" by subjecting him to a hostile work environment. (Pl.'s Compl. at ¶¶ 25, 29). To establish a *prima facie* case of retaliation, Mongo must demonstrate that: (1) he engaged in a protected activity; (2) Home Depot took an adverse action against him; and (3) a causal connection exists between the protected activity and the adverse employment action. *See Haynes v. Pennzoil Co.*, 207 F.3d 296, 299 (5th Cir.2000). By filing a complaint with the EEOC, Mongo clearly engaged in a protected activity under Title VII. *See id.* at 299. However, as mentioned above, the Court simply cannot identify in the Complaint sufficient facts showing that Home Depot took an adverse action against Mongo. Although Mongo expresses concern that his reprimands may jeopardize his future employment with Home Depot, (Pl.'s Compl. at ¶ 19b.), it is well-established that a retaliation claim cannot be based solely on an employer's acts that limit an employee in any way that would deprive that employee of employment opportunities or adversely affect his status as an employee. *See* 42 U.S.C. § 2000e-2(a)(2); *Burger v. Cent. Apartment Mgmt.*, 168 F.3d 875, 879 (5th Cir.1999) Therefore, the Court will DISMISS the retaliation claims.

*2. Hostile Work Environment*

For Mongo to establish a claim of hostile work environment, he must show that: (1) he is a member of a protected class; (2) he was subject to racial or national origin harassment; (3) the harassment was based on race or national origin; (4) the harassment affected a term, condition, or privilege of his employment; and (5) Home Depot knew or should have known about the harassment, but failed to take prompt remedial action. *See Nash v. Electrospace Sys., Inc.*, 9 F.3d 401, 403 (5th Cir.1993) (per curiam). As mentioned above, Mongo is a member of a protected class, but he has not pleaded sufficient facts that Home Depot subjected him to harassment based on his race or national origin. Thus, the Court will DISMISS these claims.

E. Texas Common Law

Lastly, Mongo alleges that Home Depot violated Texas common law. (Pl.'s Compl. at ¶ 5). Contrarily, Home Depot argues that Mongo failed to assert any state law cause of action. (Def.'s Mot. to Dismiss at 6). The Court agrees, Mongo's Complaint fails to identify any state law cause of action. Thus, the Court will DISMISS the claim.

III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is hereby GRANTED.

It is so ORDERED.

2003 WL 22227864 (N.D.Tex.)

Motions, Pleadings and Filings (Back to top)
- 3:02CV02593 (Docket)
  (Dec. 02, 2002)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.