H
Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,
N.D. Texas, Dallas Division.

Kerry WHITEHEAD, Plaintiff,
v.
CHEVRON USA, INC., Defendants.

No. Civ.A.3:03CV0956-R.

June 7, 2004.

E. Renee Crenshaw, Law Office of E. Renee Crenshaw, Austin, TX, Richard Lee Howard, IV, R L Howard & Associates, Dallas, TX, for Plaintiff.

Steven Randolph McCown, Eduardo F. Cuaderes, Littler Mendelson, Dallas, TX, for Defendants.

*MEMORANDUM OPINION & ORDER*

BUCHMEYER, Senior J.

*1 Before this Court is Defendant's Motion for Summary Judgment (filed February 26, 2004). For the reasons detailed below, Defendant's Motion is GRANTED.

I. BACKGROUND

Chevron, Inc. ("Defendant" or "Chevron") hired Kerry Whitehead ("Plaintiff" or "Whitehead"), an African-American male, on August 10, 1986. [FN1] During the relevant employment times, Chevron employed Whitehead as a Territory Manager. On January 14, 2000, Whitehead sustained an on-the-job injury, and he was removed from work by his treating physician on January 17, 2000. On January 20, 2000, Whitehead was placed on administrative leave with pay. Whitehead was verbally notified of his impending termination on March 14, 2000, and he was terminated in writing effective April 9, 2000. In February of 2000, Whitehead filed a charge of discrimination based upon race, retaliation, and wrongful termination with the Equal Employment Opportunity Commission ("EEOC") and the Texas Commission on Human Rights ("TCHR"). The EEOC issued Whitehead a right-to-sue letter on February 7, 2003--three years after Whitehead filed the complaint. On May 7, 2003, Whitehead filed the instant suit.

FN1. To be clear, Plaintiff initially was hired by Chevron's predecessor, American Personal Services, Inc.

In 1999, Chevron underwent a companywide reorganization. At that time, Whitehead applied for but was denied a promotion. Other, white employees received promotions during the reorganization. Whitehead complained about the results of the reorganization to Chevron's human resources department and to one of his superiors in July and December of 1999. Also in 1999, Chevron held a contest for store managers. Based on information he gained from various company sources, Whitehead contends that the contest was manipulated to reward a white employee over a Black employee.

During the same time period, Lucinda Maupin ("Maupin") a then-employee of Chevron and subordinate of Whitehead, lodged a complaint against Whitehead. According to Chevron's records, Maupin indicated that she wanted to give her two-weeks notice of resignation, but was afraid that Whitehead would react negatively. She stated that Whitehead in the past had harassed her with foul language, and that he threatened to discharge her, among other allegations. Following Maupin's complaint, Chevron decided to conduct a detailed investigation and to suspend Whitehead with pay pending resolution of the investigation. Whitehead was notified of his suspension on or about January 20, 2000, soon after Whitehead had sustained an on-the-job injury and had been placed on medical leave. During the investigation, Whitehead made various complaints, which in turn spurred a second independent investigation regarding Whitehead's supervisor, Bob Barger. The investigation regarding allegations of misconduct against Whitehead concluded that evidence substantiated some of Maupin's complaints. The investigation regarding Whitehead's supervisor uncovered no evidence to corroborate his allegations. Chevron claims that they decided to terminate Plaintiff based on findings that Whitehead violated company policies and made threatening remarks to other Chevron employees.

*2 Plaintiff's Original Complaint (filed May 7, 2003)

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Ex 9

seeks relief for racial discrimination, retaliation, and wrongful termination under Title VII of the Civil Rights of 1964 ("Title VII"). It also asserts an equal protection claim under the Fourteenth Amendment of the U.S. Constitution and wrongful termination and retaliation claims under 42 U.S.C. § 1981 and the Texas Commission on Human Rights Act ("TCHRA"). Pursuant to a Motion to Dismiss (filed July 1, 2003) filed by Defendant, this Court on March 24, 2004, dismissed Plaintiff's claims under 42 U.S.C. § 1981, the Texas Commission on Human Rights Act, and the Fourteenth Amendment of the U.S. Constitution. Since then, following the Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, No. 02-1205 (May 3, 2004), this Court has vacated the portion of its March 24, 2004, Memorandum Opinion relating to Plaintiff's § 1981 claim. Accordingly, this Court now considers both Plaintiff's Title VII claims and Plaintiff's § 1981 claim.

## II. ANALYSIS

### A. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure allows summary judgment when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Melton v. Teachers Ins. & Annuity Ass'n of Am.*, 114 F.3d 557, 559 (5th Cir.1997). The court must decide all reasonable doubts and inferences in the light most favorable to the party opposing the motion. *Lemelle v. Universal Mfg. Corp.*, 18 F.3d 1268, 1272 (5th Cir.1994); *Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir.1988). As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion must be denied. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Lynch Properties, Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir.1998). Where the non-moving party bears the burden of proof on a claim upon which summary judgment is sought, the moving party may discharge its summary judgment burden by showing that there is an absence of evidence to support the non-moving party's case. *Celotex*, 477 U.S. at 325. Once the moving party has satisfied this burden, the non-moving party must go beyond the pleadings and by its own affidavits or depositions, answers to interrogatories, and admissions on file set forth specific facts showing a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Edwards v. Your Credit, Inc.*, 148 F.3d 427, 431-32 (5th Cir.1998). Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial ." *Celotex*, 477 U.S. at 322.

*3 Because employment discrimination claims "involve nebulous questions of motivation and intent," summary judgment is generally an inappropriate tool for resolving these cases. *Thornbrough v. Columbus & Greenville R.R. Co.*, 760 F.2d 633, 640-41 (5th Cir.1985) (citations omitted). However, if Plaintiff fails to establish a prima facie case, *Bauer v. Albermarle Corp.*, 169 F.3d 962, 966 (5th Cir.1999), or if defendant presents strong evidence of a legitimate, nondiscriminatory reason for its actions and the plaintiff is unable to counter with additional evidence of pretext, summary judgment may be properly granted. *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1295 (5th Cir.1994).

### B. Race Discrimination Claim for Failure to Promote under Title VII

Without commenting on the substantive merits of the claim, Defendant contends that Plaintiff's failure to promote claim for discrimination under Title VII is barred by limitations. Specifically, Defendant urges that to properly assert a claim of discrimination for failure to promote, Whitehead would have had to file an administrative charge with the EEOC within 300 days of the adverse employment action alleged. Plaintiff responds that because he was ultimately terminated, the statute of limitations for filing an EEOC complaint did not begin to run until that date. Plaintiff filed his EEOC complaint within 300 days of his receipt of notice of his termination, but more than 300 days of the relevant date at which time Chevron allegedly failed to promote Plaintiff.

Even though Whitehead ultimately was terminated, Chevron's alleged failure to promote him constitutes a discrete adverse employment action that him on notice that a claim had accrued. *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 352 (5th

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Cir.2001); *Huckabay v. Moore*, 142 F.3d 233, 240 (5th Cir.1998). Plaintiff mistakenly adopts the date of termination as the relevant action. For a failure-to-promote claim, the statute runs from the date of the alleged failure to promote. Plaintiff failed to timely pursue his failure-to-promote claim Accordingly, summary judgment for the Defendant is appropriate as to this claim.

C. Retaliation Claims under Title VII and 42 U.S.C. § 1981

Plaintiff makes claims of retaliation under Title VII and § 1981. This Court considers the two claims simultaneously, as they follow the same "rubric of analysis." *Byers v. Dallas Morning News*, 209 F.3d 419, 422 n. 1 (5th Cir.2000). Both employment discrimination claims follow the standard *McDonnell-Douglas* burden-shifting analysis. To prove a prima facie case of retaliation under Title VII, Plaintiff must show: (1) that he engaged in protected activity; (2) that he experienced an adverse employment action; and (3) that a causal link existed between the protected activity and the adverse employment action. *See Raggs v. Mississippi Power & Light Co.*, 278 F.3d 463, 471 (5th Cir.2002). If Plaintiff carries his burden, Defendant is required to establish a legitimate, nondiscriminatory reason for the adverse employment action. *See id.* at 468 (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)). Then, if Defendant has established such a reason, the burden shifts back to Plaintiff to establish by a preponderance of the evidence that the employer's nondiscriminatory explanation is pretextual. *Id.* (citing *Reeves*, 530 U.S. at 143).

*4 For the purposes of this Motion, Defendant admits that Plaintiff has set forth a prima facie case of race discrimination. Defendant then offers evidence to prove that Whitehead was terminated for legitimate, nondiscriminatory reasons. Chevron makes a detailed account of the substantiated and unsubstantiated allegations against Whitehead, including his violation of company policies and the investigations undertaken with regard to both allegations against Whitehead and allegations by Whitehead. This Court finds that Defendant has carried its burden to prove that Whitehead was terminated due to legitimate, nondiscriminatory reasons.

To prove pretext, "the plaintiff must produce substantial evidence indicating that the proffered legitimate nondiscriminatory reason is a pretext for discrimination." *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir.2003) (citing *Reeves*, 530 U.S. at 143). A sufficient showing of pretext requires that Whitehead rebut each nondiscriminatory reason articulated by Chevron through evidence of disparate treatment or by demonstrating the falsity of Chevron's proffered explanation. *Id.* A showing of pretext is insufficient when (1) the record conclusively supports the employer's nondiscriminatory reason for the employer's decision, or (2) "the plaintiff creates only a weak issue of fact as to whether the employer's reason was untrue, and there was abundant and uncontroverted evidence that no discrimination occurred." *Id.*

Plaintiff's showing of pretext is insufficient. First, Plaintiff's attempt to show disparate treatment fails. Only Plaintiff's unsubstantiated allegations support any finding of disparate treatment: Plaintiff avers that white Chevron employees were favored for promotions. Two white employees were promoted during reorganization and Whitehead was not. Plaintiff also avers that Chevron declared a white woman the winner of a contest when the award should have gone to a Black man. Further, Plaintiff contends that similarly situated white employees were paid at a higher rate than was Plaintiff. Plaintiff fails to support these allegations with any evidence of their accuracy.

Next, the record conclusively supports Chevron's proffered nondiscriminatory reason for terminating Whitehead. In addition, Plaintiff has failed to rebut each of Chevron's nondiscriminatory reasons for firing him; rather, Plaintiff offers that his unprofessional conduct was justified and that his failures to follow company policies had not previously resulted in reprimands. Summary judgment for Defendant is appropriate as to this claim.

D. Discrimination Based on Disparate Treatment under Title VII

It is unclear whether Plaintiff intended to independently claim a violation of Title VII based on disparate treatment, or whether allegations of disparate treatment were for the sole purpose of establishing pretext. This Court treats Plaintiff's allegations of disparate treatment both as an attempt to prove pretext and as a separate claim of discrimination. Even if Plaintiff's disparate treatment claim with regard to promotion were not barred by limitations as earlier described, it fails.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2004 WL 1253407 (N.D.Tex.)
**(Cite as: 2004 WL 1253407 (N.D.Tex.))**

**Page 4**

*5 "Disparate treatment refers to deliberate discrimination in the terms or conditions of employment ... on account of race, national origin, or gender." *See Muñoz v. Orr*, 200 F.3d 291, 299 (5th Cir.2000). To put forth a prima facie case of discrimination based on disparate treatment, Whitehead must prove four elements: (1) Plaintiff is a member of a protected class; (2) Plaintiff applied and was qualified for a promotion for which Chevron was seeking applicants; (3) despite Plaintiff's qualifications, he was rejected; and (4) after Plaintiff was rejected the position remained open and Defendant continued to seek candidates with Plaintiff's qualifications. *Id.* Plaintiff, as an African-American male, meets the requirements of the first element. However, the other three elements remain unproven. Plaintiff has failed to put forth a prima facie case. Specifically, Plaintiff makes no showing that Chevron was seeking applicants for a particular position; Plaintiff makes no showing that he was qualified for a promotion; Plaintiff makes no showing that despite his qualifications, he was rejected; Plaintiff makes no showing that the position for which he applied remained unfilled after he was rejected for it. Rather, Plaintiff describes a companywide "reorganization" and makes unsubstantiated allegations regarding two other similarly situated Chevron employees, their positions, and their promotions. Summary judgment for Defendants is appropriate as to this claim.

III. CONCLUSION

After considering all of the summary judgment evidence, it is apparent that there are no disputed issues of material fact. Defendant's Motion for Summary Judgment is GRANTED as to all claims.

IT IS SO ORDERED.

2004 WL 1253407 (N.D.Tex.)

**Motions, Pleadings and Filings** **(Back to top)**

- 3:03CV00956 (Docket) (May. 07, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.