United States District Court
Southern District of Texas
FILED

FEB 0 7 2005

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| Marie Cruz Garcia | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. B-03-CV-231 |
| | § | |
| R.E.E., INC. | § | |
| d/b/a McDonalds | § | |
| A Texas Corporation | § | |
| Defendant. | § | |

**REPLY OF DEFENDANT, R.E.E., INC. d/b/a MCDONALDS TO PLAINTIFF'S
RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**TO THE HONORABLE DISTRICT COURT:**

Defendant, **R.E.E., Inc. d/b/a McDonald's**, ("Defendant") asks the Court to render summary judgment against Plaintiff, Maria Cruz Garcia, ("Plaintiff") on the grounds that Plaintiff has not suffered any adverse employment action, among other things.

**I.**

**OBJECTIONS TO USE OF DEPOSITION WITHOUT REFERENCING SPECIFIC
STATEMENTS RELIED UPON**

1.     Defendant objects to the statements made by Plaintiff set forth at pages 17-19 in paragraphs E regarding negligence, negligent investigation, negligent supervision, intentional infliction of emotion distress, defamation and civil conspiracy. These portions of Plaintiff's response are not supported by either law or facts. No case law is cited for such arguments, and no evidence is offered to support such allegations. Plaintiff has failed to cite the court to specific portions of the Plaintiff's deposition, as required by Rule 5(I) of

the court's own procedures. In failing to do so, Plaintiff has deprived the Defendant of the ability to object to the proposed proffer of evidence. Defendant globally objects to the statements of Plaintiff which are mere recantations of other persons' alleged statements, as such are purely hearsay.

## NO EVIDENCE OF DIRECT DISCRIMINATION OR HOSTILE ENVIRONMENT

2.      Because Plaintiff has not and cannot establish evidentiary proof of a hostile work environment, she cannot rely upon her allegations of constructive discharge to show an adverse employment action. Therefore, Plaintiff now attempts to assert that the individual incidents of which she complains constitute direct evidence of discrimination. Defendant asserts that her offers when viewed objectively, rather than from her subjective perception, are not evidence of discrimination.

3.      Direct evidence of discrimination is evidence that proves the fact of intentional discrimination without inference or presumption. In a case where a plaintiff asserts direct evidence of discrimination, the plaintiff must show: (1) the statements are related to his/her protected status; (2) they are proximate in time to the adverse employment decision; (3) they were made by the decision maker and (4) were related to the employment decision. *Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 576 (5th Cir. 2003). Plaintiff cannot make this requisite showing. First, some of the statements upon which Plaintiff bases her discrimination claim are clearly neutral and not derogatory to any protected class. Second, Plaintiff does not state when these statements were made. She states that she was given an "ultimatum," which preceded her resignation but, even if true, such a threat of job loss was also neutral as to any protected class whatsoever and should not be considered direct

evidence of any discriminatory intent.  Third, in this case, Plaintiff was the actual decision maker.  She decided to voluntarily resign her position.  She was not terminated.

4.      Plaintiff cannot escape the fundamental requirement of demonstrating that she suffered an adverse employment action.  Because Plaintiff cannot show there was a hostile work environment, Plaintiff cannot show there was constructive discharge, and without the constructive discharge argument, Plaintiff cannot prove an adverse employment action.  As argued in Defendant's motion for summary judgment, there was no adverse employment decision.  Therefore, Defendant is entitled to summary judgment on all claims of discrimination, harassment and/or retaliation.

5.      Plaintiff complains that no examples were provided from the case law cited by Defendant to convince the court of their applicability to the case at bar.  In deference to Plaintiff, Defendant will show that the facts she has alleged do not justify a finding of constructive discharge based upon the findings of such case law.

6.      In *Mattern v. Eastman Kodak Co.*, the plaintiff complained of being threatened with termination by a supervisor, increased scrutiny by her supervisor, hostility from employees including stealing her tools, a reprimand concerning her work performance, and lower performance reviews after having filed an EEOC charge which resulted in a missed pay increase and being placed on "final warning."  104 F.3d 702, 705-08 (5th Cir. 1997).  The court stated that none of these events, taken singly or in combination, constituted an adverse employment action "because of their lack of consequence."  *Id.* at 508.   In *Dollis v. Rubin,* cited in *Mattern*, the plaintiff alleged that she was refused consideration for a promotion, she was refused attendance at a training conference, her work was criticized

and she was given false information thwarting her access to travel funds and her ability to file an EEO complaint. There also the Fifth Circuit held that those actions were "tangential" to future decisions and did not constitute ultimate employment decisions. *Mattern*, 104 F.3d at 708 (citing *Dollis*, 77 F.3d at 779-80).

7.    Where the employee voluntarily resigns her position, she takes it upon herself to make that ultimate employment decision. Where, as here, that employee can not prove that the resignation was a constructive discharge, she can not satisfy the adverse action element of her discrimination and thus, summary judgment in favor of the Defendant is proper.

8.    However, stated simply, Plaintiff has failed to offer direct evidence of discrimination, does not demonstrate a hostile environment, does not establish constructive discharge, and does not establish an adverse employment action.

## NO CASE LAW OR EVIDENCE OFFERED TO SUPPORT PLAINTIFF'S CLAIMS OF NEGLIGENCE

9.    Plaintiff has offered no case law to support her claims for negligence, negligent investigation and negligent supervision. Further, Plaintiff has offered no evidence to establish a reason why the court should not rule based upon the well-settled law cited by Defendant in its motion for summary judgment. Further, Plaintiff has made no reference to the existence of evidence which would support these claims, if they were shown to exist. Defendant is entitled to summary judgment in its favor on all claims of negligence.

## NO CASE LAW OR EVIDENCE OFFERED TO SUPPORT PLAINTIFF'S CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

10.    Likewise, Plaintiff has offered no case law to support her claims of intentional

infliction of emotional distress. Plaintiff's response consists of pure conjectures unsupported by evidence in the record. Plaintiff references a scenario that is not supported even piece-meal in her deposition testimony, and any statements which could seemingly supply such support are based entirely upon hearsay. Further, Plaintiff has made no reference to the existence of evidence which would support these claims, if they were shown to exist.

11.    Plaintiff attempts to present a new basis for her claim of intentional infliction of emotional distress. She now contends that her supervisor was aware that co-worker(s) had stolen her phone and lied to her about it when accusing Plaintiff of starting a scandal. Plaintiff has offered no evidence to establish a reason why the court should not rule based upon the well-settled law cited by Defendant in its motion for summary judgment.

12.    Plaintiff merely cites an alleged theory for liability on the issue of intentional infliction of emotional distress, but those allegations are not supported by evidence. Further, the theory is not supported by case law to refute that presented to the court by Defendant. Plaintiff cites the court to no such evidence in the record. Even if the allegations could be supported by pieces of Plaintiff's deposition testimony, which is denied, any statements referencing another person's knowledge of whether the phone was stolen is based upon hearsay, which is not admissible. Defendant objects to any statements made by Plaintiff that were restatements of someone else's statements to her, as hearsay, which should not be considered by the Court. Again, Defendant objects to the global reference to testimony from the Plaintiff and objects to the hearsay statements made by Plaintiff in her deposition.

13.    Plaintiff also failed to raise a fact question as to whether the actions alleged are within the scope of the Torres' employment.  Plaintiff cannot prove that Torres' alleged actions, which Plaintiff attributes to intentional infliction of emotional distress, are within the scope of Torres' employment.  She has provided no evidence regarding the alleged actions now alleged to have been committed.  Therefore, no liability to the employer should be found.  Again, similar allegations of conduct have not withstood judicial scrutiny. *Lyon v. Allsup's Convenience Store, Inc.,* 997 S.W.2d 345, 347-48 (Tex.App.--Fort Worth 1999, no pet.).

### NO CASE LAW OR EVIDENCE OFFERED TO SUPPORT PLAINTIFF'S CLAIM OF DEFAMATION

14.    Plaintiff has offered no case law to support her claim, and again, Plaintiff has made no reference to the existence of evidence which would support this claim.  Judgment in favor of Defendant should be granted on this issue.

### PLAINTIFF CONCEDES THERE IS NO CLAIM FOR CIVIL CONSPIRACY

15.  Plaintiff has concede there is no evidence to support a claim of conspiracy and therefore, judgment in favor of the Defendant should be rendered.

### II.
### CONCLUSION

Wherefore, Defendant asks the Court to grant the motion and render a summary judgment against Plaintiff on all claims, and for such other and further relief to which Defendant may be entitled.

Respectfully submitted,

---

By:  _____
     TONYA BEANE WEBBER
     State Bar No.: 21042300
     Federal No.: 6145

     **PORTER, ROGERS, DAHLMAN & GORDON**
     A Professional Corporation
     One Shoreline Plaza
     800 N. Shoreline, Suite 800
     Corpus Christi, Texas  78401-3708
     (361) 880-5808/5824 - Office
     (361) 880-5844 - Telefax
     **ATTORNEY-IN-CHARGE FOR DEFENDANT,
     R.E.E., INC., D/B/A MCDONALD'S**


**OF COUNSEL:**
**PORTER, ROGERS, DAHLMAN & GORDON**
A Professional Corporation
One Shoreline Plaza
800 N. Shoreline, Suite 800
Corpus Christi, Texas  78401-3708
(361) 880-5808 - Office
(361) 880-5844 - Telefax

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon

the Attorneys of Record of all parties to the above cause in accordance with Rule 34,

Federal Rules of Civil Procedure, on the 4th day of February, 2005, as follows:

**VIA CM/RRR ##7002 2030 0000 3644 7895**
David R. Joe
**Brewer, Anthony, Middlebrook, Burley & Dunn, P.C.**
1702 E. Tyler St., Ste. 1
Harlingen, Texas 78550

Tonya Beane Webber

S:\R.E.E., Inc\Garcia, Maria Cruz\PLDG\Reply_MSJ.wpd